### DANIEL A. WHITE, Judge &c., *versus* ELIZABETH SWAIN, Administratrix.

More than twenty years after a distribution of an insolvent estate had been made and the account of the administratrix been settled, she received of the government of the United States, under the treaty with Spain of February 22, 1819, a sum of money, as an indemnity for the loss of property taken from the intestate by Spanish cruisers. Being cited by the judge of probate to account for this money, she refused, and the judge, upon the application of a creditor whose claim had been allowed by the commissioners of insolvency, authorized an action to be brought upon her administration bond. *Held,* that the action lay.

DEBT on an administration bond.

Upon a case stated it appeared, that the defendant was appointed administratrix of the goods and estate of her husband Edward Swain, and gave the bond in February 1799. She returned an inventory of the estate in May following. The estate was represented as insolvent, and a report of the debts due from it, amounting to 2903 dollars, was made by the commissioners in January 1800. The defendant at the same time settled her administration account, and the balance of 1425 dollars, which was all the property that had come into her hands as administratrix, was ordered to be distributed among the creditors of the estate ; which was done accordingly. In September 1821, the defendant, in her capacity of administratrix, presented a claim to the commissioners under the late Spanish treaty, for the intestate's share of a certain vessel and part of a cargo, which formerly belonged to him and Thomas Ham, jointly. The claim was allowed and the defendant, pursuant to the award of the commissioners, received in September 1824, the sum of 3056 dollars. In the same September, upon the application of Ham, who was one of the creditors of the estate, and whose demand had been allowed by the commissioners of insolvency, she was cited by the judge of probate to account for this money. She appeared accordingly, but refusing to settle any account, the judge ordered her refusal to be recorded, and afterwards, upon the petition of Ham, authorized this action to be commenced

366        If the Court should be of opinion that the action was not

barred by law, and that the defendant ought to account for the money last received, as assets belonging to the intestate's estate, then she was to be defaulted ; but if the Court should be of opinion that the action could not now be maintained, then the plaintiff was to become nonsuit.

*Saltonstall*, for the plaintiff. An action upon the bond is a proper remedy in this case. *Boston* v. *Boylston*, 4 Mass. R. 325 ; *Cony* v. *Williams*, 9 Mass. R. 114 ; *Robbins* v. *Hayward*, 16 Mass. R. 524. The money was allowed by the commissioners under the treaty, on the ground of the defendant's claiming as administratrix, and was received by her in that capacity ; so that there can be no question of its being assets. The *St.* 1817, *c.* 190, § 17, says that administration shall not be originally granted upon the estate of any person after the expiration of twenty years from his death ; but it does not say that administration *de bonis non* may not ; nor that the original administrator shall not be obliged to account after the expiration of such period. The allowance of Ham's claim by the commissioners of insolvency must be considered equivalent to a judgment, and the proceedings in the probate office repel any presumption of its having been paid.

*J. Pickering*, *contrà*. The writ is not endorsed by any creditor, but by the judge of probate, and the Court will not allow him to institute a suit as a naked trustee, when no one is to derive a benefit from it. The administratrix settled her account twenty-five years ago, for all the property for which she was bound to account. With respect to this money, no decree has been passed requiring her to account, and she has therefore not broken her bond by refusing.

This money is not assets and the action is barred by lapse of time. Lands are not assets, except where there is a deficiency of personal estate ; *Dean* v. *Dean*, 3 Mass. R. 261 ; rents and profits accrued after the testator's death are not assets ; *Hays* v. *Jackson*, 6 Mass. R. 154 ; but goods &c. which are the intestate's " at his decease," are assets *Weeks* v. *Gibbs*, 9 Mass. R. 76. Real estate recovered by heirs, of which the intestate had been disseised twenty

White
*v.*
Swain.

*Nov. 4th*

367

White
v.
Swain.

years, was held not to authorize a suit as for estate not in-ventoried, in a case of insolvency.  *Johnson* v. *Libby*, 15 Mass. R. 140.  *A fortiori* then should twenty years be a bar in regard to personal estate.  The right to this property was not a chose in action which the administratrix was bound to inventory ; it was a claim against a foreign government, and being denied by the regular judicial tribunals of that country, the Court will presume it was not due.  Commis-sioners of the United States agree to consider this as a claim that might be made against Spain ; but *non constat* that Spain would so consider it, or that that nation did wrong in taking the intestate's property.  The claim therefore was not a right or credit which the administratrix had power to enforce, and was not included in the bond.  The defendant made the claim as administratrix, because the rules established by our government required it ; but it was in fact as agent for the heirs.  This property then has accrued to the heirs since the decease of the intestate, just as much as the rents and profits of his real estate.  The administratrix having made a distribution, we say she has fully administered.  How long are the administratrix and her bondsmen to be liable on the bond, and how long is the estate to be kept open ? Many of the creditors of the estate have died, some of them insolvent ; shall all those estates be opened ?   The real estate of the intestate has been long since sold ; now personal estate is found ; shall the title to the real estate be called in question by the heirs, because the personal estate was not first applied to the debts ?   It is expedient that there should be some limitation to actions of this kind.   The statute of 1817, *c.* 190, § 17, says that no original administration shall be granted after twenty years.   This furnishes an argument that no demand should be made against an estate after that period.   See also *Prov. St.* 9 *Geo.* 1, *c.* 1.   Judgments are considered as barred in equity after twenty years, and there can be no difficulty in applying the same rule to the decisions of commissioners on insolvent estates.

368

*Saltonstall*, in reply.   Lands and rents and profits are not assets, because by the statute they are not made such.   There is no distinction between the claim against the Spanish gov-

ernment and any bad debt. In respect to the want of power to enforce it, it is like a debt which is outlawed. The right accrued when the property was captured and not since; the treaty only furnished a mode of recovering the debt. There can be no limitation to an action on the bond, except by statute or from a presumption of payment. Here there is no such presumption, and we have no statute which is applicable.

*Per Curiam.* It being admitted that a large sum has been received by the defendant as administratrix, she is of course trustee of the heirs or creditors of the intestate, as the case may be. She was bound to account for this sum on the citation of the judge of probate, and by refusing, she committed a breach of the condition of the administration bond, which obliges her to administer all the estate of the deceased which has or shall come to her hands.[1] The money was the estate of the deceased, for it was received as damages for the violation and detention of his property ; and the defendant having claimed it as administratrix, she is estopped to deny that it is the estate of the deceased.

*Penalty of the bond adjudged forfeited.*

---

[1] It is now provided by the Revised Statutes, that if the whole assets shall not have been distributed upon the first order of distribution, or if further assets shall afterwards come to the hands of the executor or administrator, the judge of probate shall make such further decree or decrees for the distribution thereof, as the case may require. Revised Stat. *c.* 63, § 18. See *Dexter* v. *Arnold,* 3 Mason, 284 ; *Potter* v. *Titcomb,* 7 Greenl. 31ſ.